AYRES, Judge.
This is an action in tort wherein plaintiff, Christell Watts, in her individual capacity and as natural tutrix of the minor, Betty Jean Watts, seeks to recover of the Town of Homer and of the Claiborne Parish School Board damages for personal injuries allegedly sustained by the minor as a result of the collapse of playground equipment in a park established by the defendants adjacent to the Mayfield School in the Town of Homer. Demand is also made for medical expenses already incurred and to be incurred in the treatment of the minor’s injuries.
To plaintiff’s petition defendants filed pleas to the jurisdiction of the court and *845 motions for a summary judgment based on the contention that the Legislature of Louisiana has not authorized plaintiff’s suit nor waived defendants’ immunity from suit and liability. Defendants urged, also, pleas of prescription. These pleas and motions on trial were sustained and, from a judgment accordingly dismissing plaintiff’s action, she has appealed.
Appropriate in a consideration of this action are certain constitutional provisions. For instance, Art. 19, § 26 of the Constitution of the State of Louisiana, so far as pertinent, provides:
“The following named commissions, boards, bodies or municipal corporations are and shall be considered special agencies of the State of Louisiana:

“(4) Any municipal corporation, parish or subdivision of the State in matters respecting the operation or maintenance of parks and other recreational facilities or in connection with any rule or regulation applicable thereto,
* * * * * *
“(7) The parish school boards of each of the parishes of the State of Louisiana,

“The consent of the State of Louisiana to suits or legal proceedings against any of the above listed special agencies, (however heretofore given) is hereby expressly withdrawn and no such suit or proceeding shall be permitted except as provided in this section. * * * the Legislature of Louisiana may, in individual cases, by appropriate act grant to any party showing just and reasonable cause the right to sue any of these special agencies, in compliance with Section 35 of Article III of this Constitution.”
Art. 3, § 35 of the Constitution referred to, likewise, so far as pertinent, provides:
“The Legislature is empowered to waive, by special or general laws or resolutions, the immunity from suit and from liability of the state, and of parishes, municipalities, political subdivisions, public boards, institutions, departments, commissions, districts, corporations, agencies and authorities and other public or governmental bodies; and each authorization by the Legislature for suit against the State or other such public body, heretofore and hereafter enacted or granted, shall be construed to be and shall be effective and valid for all purposes, as of and from the date thereof, as a waiver of the defendant’s immunity both from suit and from liability.”
It was conceded by plaintiff’s counsel in argument before this court, and correctly so, we think, that under the present jurisprudence of this State, in order that this action be instituted and maintained, defendants’ immunity from suit and liability must be waived by appropriate action of the Legislature. It is, however, contended that this action was authorized and defendants’ immunity from suit and liability waived by House Concurrent Resolution No. 16 of the 1964 regular session of the Louisiana Legislature and by Senate Concurrent Resolution No. 15 of the 1966 regular session of the Louisiana Legislature.
After the adoption of its Resolution No. 16 of 1964, the House of Representatives transmitted the resolution to the Senate where, on being received, it was referred to a committee which reported it unfavorably. Thereafter, by vote of the members of the Senate, the resolution was indefinitely postponed. In the succeeding regular legislative session two years later, the Senate adopted Senate Concurrent Resolution No. 15 of 1966, in language similar but not identical to that introduced in the House two years prior thereto. After adoption of the resolution by the Senate, it was transmitted to the House of Representatives and referred to a committee where it was reported unfavorably. By a vote of the members of the House, the resolution was then “laid on the table.”
*846 Thus, there was never any concurrent action or approval by either of the houses of the action taken by the other. The Senate failed to approve or to concur in House Concurrent Resolution No. 16 of 1964 and the House failed to approve or to concur in Senate Resolution No. IS of 1966. There has never been any action by both houses of the Legislature that could be said to constitute concurrent action within the definition of the term which is “Acting in conjunction; agreeing in the same act or opinion; * * Webster’s New International Dictionary, Second Edition.
We have a bicameral legislature in this State consisting of a senate and a house of representatives. All legislative power of the State is vested in the Legislature (Art. 3, § 1 of the Constitution of the State of Louisiana). Exercise of legislative power is by concurrent action of both houses and not by solitary action of either house.
There must have been a purpose in creating a bicameral legislature and in requiring the passage of bills in both houses in order that they would become law and in requiring the concurrent action of both houses in the adoption of resolutions. Obviously, the requirement for concurrence by the other of the action taken in either house serves, as one of its purposes, as a check upon the other which tends to avoid the passage of ill-advised or hasty legislation. However harsh the rule may appear in individual cases, fundamental constitutional principles and safeguards should nevertheless be preserved, and, moreover, protected from alteration or modification through judicial fiat under the guise of interpretation.
By reference again to Art. 3, § 35 of the Constitution, it is seen that it is the Legislature that is empowered to “waive, by special or general laws or resolutions, the immunity from suit and from liability of the state,” and of the enumerated subdivisions, agencies, and municipalities. The power lies not with each house of the Legislature individually and separately but it lies with both houses acting concurrently or jointly.
The adoption of House Concurrent Resolution No. 16 of 1964 by the House, which was rejected by the Senate, and the adoption of Senate Concurrent Resolution No. 15 of 1966 by the Senate, which was rejected by the House, do not represent affirmative action by the Legislature. While there was approval of similar resolutions by the Senate and the House of Representatives at different sessions of the Legislature, each house similarly and as positively rejected the action of the other. Thus neither resolution was adopted by both houses of the Legislature. The effect of either resolution was dependent upon favorable action thereon by the other house. They are therefore without effect as concurrent resolutions and thereby fail to authorize this action or to waive defendants’ immunity from either suit or liability.
The inescapable conclusion follows: The court is without jurisdiction, and the action of the court in sustaining a plea thereto, as well as rejecting plaintiff’s demands in a summary judgment, is, in our opinion, correct.
No necessity exists for a discussion of the questions raised by defendants’ pleas of prescription as they are, in our opinion, moot.
For the reasons assigned, the judgment appealed is affirmed.
Affirmed.